Good morning. May it please the court, William Kopeny on behalf of the appellant Karen Hanover. There are three issues I wish to reserve three minutes for rebuttal. I know it's not my responsibility. We'll try to help. I'd like to talk briefly about the second issue first, and that is the prosecutorial misconduct issue, solely to weigh in on a statement in the respondent's brief that I believe is inaccurate, that I did not point out in my reply brief. On page 23 of the respondent's brief, or the answering brief, the government states that, as to Mr. Smith's interview report relating to the 1997 conviction, quote, the government produced it to the defendant and filed it with the district court, and cites to the excerpt of record, page 73 of paragraph 6. That paragraph is a paragraph in the declaration of the trial prosecutor, who is not here today. But the paragraph does not support the statement that the file was produced to the defendant, only that it was, on a hearsay basis, that it was filed under seal with the district court. And considering this allegation of governmental misconduct relates to a question of discovery, I wanted to have an opportunity just to clarify what I believe to be an accurate depiction of what that reference in the excerpt of record said. We note that. Since we don't have a lot of time on this, we have both of your briefs. Sure. Are there questions that you believe are raised in the joining of the two, the issues raised by the briefs that you would like to focus on in your oral argument that will help us make a decision here? Your Honor, yes. And those all relate to the first issue. Okay. I just wanted to make that comment about the second issue first so that I didn't leave it out. The question of acting as such, which is, and again, I'm going right to it because I know the Court is familiar. It appears that there aren't any cases that are really directly on point on interpreting this Clause 1 of Section 912 of impersonating a Federal officer. But the government does not respond particularly directly to the appellant's position that the standard of review is different when the district court is the finder of fact and makes explicit factual findings from when it's a general verdict from a jury, where the court would, of course, presume the jury made any findings necessary to support the conviction. And here, there was an opportunity for the district court to determine whether the government had convinced the court during the trial by clear and convincing evidence that, in addition to acting as an FBI agent by impersonating one and talking on the phone, the defendant either advanced the alleged fraud scheme that the government claimed she was doing, which was the alleged purpose of the call, or intimidated or attempted to intimidate a witness in that call. And the government was required to prove that by clear and convincing evidence, but the judge found that it failed to meet that clear and convincing evidence standard on either of those two factual allegations. And, of course, in order to be to prove an element of a crime, the government is required to prove the element beyond a reasonable doubt, which is a higher standard than by clear and convincing evidence. The government argued in the district court that the reason the defendant acted as such, that is, in impersonating an FBI agent, she was acting as such by trying to intimidate Ms. Smith. But on appeal, the government says, well, she was conducting an investigation and trying to frighten the witness. We believe that there are two issues that need to be decided on this first issue. One is, does the district court, making findings that the government's proof failed to meet a clear and convincing evidence standard on particular facts, is that something that this Court must consider? Or is the Court free to disregard the district court's explicit statements? You haven't proven that to the government by the clear and convincing evidence standard, and go ahead and find the second element was proven based on the presumption that because there's a verdict of guilty, the Court must have made the factual findings necessary. And we submit that we didn't hear really response from the government on that, but we submit that the cases that we cite, including some bench trial cases, all of which I think are arguably distinguishable on some procedural basis or another, suggest that this Court should accept findings by the district court in determining whether or not the elements of the crime have been proven. So that's the difference. But do you have a citation of the record on where you say the district judge made the determination that you referenced? Yes, Your Honor. I quoted it in my opening. Okay. But what is it? What's your ER cite? Right. Well, Your Honor, I'm sorry, but since I quoted it in the brief, I didn't have that cite here. Quote the page of your brief, either one. I'm sorry? Either that or tell us the page in your brief. I will. At the reporter's transcript, page 1912, page 10, lines 18 to 21, and pages 25 to 26 of my brief, 25 of my brief. I'm sorry. Is the reporter's transcript 1912, 1912? And it's quote, the quote is at the bottom of page 25. It's three lines. The Court said, The government did not prove by clear and convincing evidence that the defendant's But there are other things that the Court found that were of a different nature, right? Right. The Court found that the defendant engaged in all sorts of bad conduct, not, though, in the guise of impersonating an FBI agent. They said that the Court found that she told someone that her father was a Federal judge, threatened them, that she was bullying witnesses generally, that she did a lot of bad things. But the government's predicate for this crime was the call that she was impersonating an FBI agent. The judge, if I recall, said that she did find that your client was acting as an FBI agent, and then referred to the fact that she had demanded information from Ms. Smith based on her representation as an FBI agent, and then also threatened Ms. Smith with imprisonment. So I'm trying to figure out if you're saying the other findings that the district court made were not sufficient, that she had to make these other ones that you're pointing to in order for there to be... Your Honor, what I'm saying is we quote what the district judge said. We quote what witness intimidation is. And if the district judge found what Your Honor just suggested, then the district judge would have also been finding that my client engaged in attempted witness intimidation. Well, but attempted witness intimidation is a separate charge. Your Honor, true, but in order to threaten to imprison someone who is a witness against the person who's talking, that would meet all the requirements of witness intimidation. Well, you wouldn't need to have witness intimidation. Are you saying witness intimidation is a lesser included offense of impersonating an FBI officer? Of course not. Because the as such doesn't need to be a crime. Right. And there was no witness intimidation charged as to Count 1 in this case. The government used that allegation, not as a separate charge, but as a reason that the penalty for Count 1, because my client was included on the other two counts, for Count 1 should be enhanced, because in committing that crime, she also committed the crime of witness intimidation. That was the acting as such. But should be the penalty should be enhanced? Is that what you said? Yes. But the penalty wasn't enhanced. It wasn't, because the judge found the government failed in its proof to convince the court of those facts, even by clearly convincing evidence. Do you want to save any rebuttal time? Yes. Thank you. I'll save the balance for rebuttal. Okay. Very good. I didn't mean to cut off. No, no, no. It's fine. Thank you. We'll hear from the government. Good morning, Your Honors. Joe McNally on behalf of the United States. May it please the Court. Let me just turn back briefly to the issue of, I think, the district court's factual findings. Nothing that the district court found contradicted any of its findings with respect to the guilty verdict it rendered on the impersonation count. I think ultimately on the obstruction issue, the court found that the government didn't prove beyond a reasonable doubt that the obstruction or that the impersonation was done with the intent to obstruct an investigation. Well, we're in the record, Mr. McNally. Did the court make the requisite findings regarding the impersonation count? I think in the trial, the court simply rendered a guilty or not guilty. So there were no findings, per se, just the determination that there was guilt, right? There was not. At sentencing, the court did make a number of findings, and those findings Any dispute that she posed as an FBI agent over the phone? There's no dispute. And let me kind of give the court some context. The defendant picked up the phone. She called Rebecca Smith, who had invested $30,000 with her. She dialed in and created a spoof number so it came back to the FBI in Westwood. She got onto the telephone and said, I am a federal agent. I am conducting investigation into Karen Hanover. Please give me information about the individuals that are complaining about her. Please give me their name and their contact information. When Ms. Smith continued to ask her questions, she told her to shut up or she would throw her in jail. It's harder to imagine a case where somebody is acting more in character of an FBI agent than the case before the court. She not only indicated that she was an FBI agent, as is required for the impersonation prong, but she acted such by doing exactly what agents do in their official capacity, hopefully not, albeit, bullying people. So I think in terms of sufficiency, I submit that the evidence was absolutely overwhelming. So from your perspective, what your colleague for the defense is talking about is an entirely separate charge which was not proven. Is that correct? That's correct. And they don't cite any authority for this proposition that in order to impersonate, that the government somehow has to also prove obstruction. So let me take his argument and see if I can frame it this way. What effect, if any, does the acquittal on the witness tampering charges have on the prong threats in support of a Section 912 conviction? None. I don't think that the acquittal has any effect of it at all. You can impersonate. There's no requirement that as such is not defined as, you know, I think, you know, intending to obstruct justice. There's a lot of reasons why an individual may impersonate. In this case, I think the court may have concluded that, you know, the government didn't prove that it was to stop the investigation, but perhaps for the defendant to, you know, shut these people up because they weren't particularly good for her real estate scam. And, you know, if the court concluded that, you know, she intended to shut these people up because they weren't good for her real estate scam, that wouldn't necessarily require a finding of guilty on obstruction, but nonetheless there would be impersonation. Help me with this, too. Your opposing counsel referred to a section of the reporter's transcript. As I look at it, that seems to be before the trial actually occurred. There were some preliminary discussions about what should and should not be dismissed. There was a motion to dismiss the indictment, which the court declined to do. Is that your understanding as well, that the reference that he makes, to which counsel makes reference, is prior to the trial? I wasn't exactly sure what he was making reference to. I can give the court some background on the interview reports, the discovery issue. I was one of the trial counsel. And essentially what the factual background is the court ordered us to produce a plea agreement for Ms. Smith's, an amended plea agreement for Ms. Smith's underlying Alaska report, which we did. There was an amended plea agreement we didn't know about. With respect to this interview. You eventually turned it over. We did turn it over. Somewhat late in the game. September 21st, I think trial started, I think, about, you know, a week or ten days later. Separate from that, they also had requested an interview report from when the FBI interviewed her. We didn't know the investigating agency. We eventually found that out. And after we did, we produced that document. So the statement that it was filed by the court, but simply never produced to the defendant, is not supported by the record. And again, if I understand it correctly, the Brady claims and so on were discussed at this portion of the record, which was prior to the trial. That's correct. So I gather the government would take the position that the documents in question were available to the defense prior to the commencement of the trial. They were available. They were produced. And there was no dispute about that in the district court. Including the investigative report. Including the investigative report. In fact, you know, the court ultimately excluded the defendant's ability to impeach on the 609 issue,  which is why I'm certainly going to allow you to inquire into that during trial. So there's no dispute in the underlying trial record. So I'm trying to understand Mr. Coppeny's opening remarks here. I mean, what was he – what's your response to what he was saying? I mean, that what the government put in its brief wasn't accurate regarding the report? Simply just misstates the record. If you go back, Your Honor, and you take a look at Judge Tucker wrote a detailed factual – detailed evidentiary ruling on this issue. Basically the first one saying, you know, the government need not turn over this particular report because it's merely speculative that it contains Brady. We produced it anyway. Partly because we didn't want to be arguing it in front of this court. And here we are anyway. So we produced it after that. We informed counsel, is my understanding from my colleague, that, you know, those reports were filed. So if you go and you take a look at the record, and I can kind of point you in the right direction here. If you take a look at – I think it's 98 – I'm sorry – 58 to 78 in the appellant's excerpt of record. It's, you know, that's a series of briefings and so forth on this issue. The defendant basically filed a misconduct motion allowing that the government, you know, withheld all kinds of information and lied to the court. The court, you know, government responded to those items by items in a pretty well laid out chart that's on page 9. It's appellant's excerpt of record 66. As I understand it, just to shorthand to save your time. As I understand it, the government – I mean, the court basically said there's some sloppiness here, which had been done differently, but these are all cumulative. It's not a problem. Fair statement. That's correct. The court came back to the sloppiness argument and said that they believe that that was with respect to the amended plea agreement. But that's correct, Your Honor. I think the only other issue – unless the court has questions for me, I'm prepared to submit. Any questions, colleague? I think not. Thank you very much. Thank you. We'll hear rebuttal. Thank you. I'll be very brief. Looking at the indictment and the allegations in the case, it appears clear to me that the acting as such allegation hinged on the underlying facts in counts 1 and 2, which is that the appellant was attempting to intimidate witnesses. And that was the government's theory of trial. And I do want to clarify. Your Honor asked counsel about the part of the brief that I quoted you. Was that asking about the judge's remarks that I relied on? Because those were at sentencing after the trial. Okay. Well, what I was trying to understand is you had made certain statements about the court's findings. Yes. That you believe undercut the proof of an element of the crime. And I ask you for the citation of the record. You gave me one. What I looked at based upon what you told me here in that, that seems to be before the trial began. Is there a difference? It was January of 2012 that the judge made those comments. And the trial was in 2011. Those remarks that I quoted were from the post-trial hearing when the government was seeking to enhance the sentence. Well, perhaps I'm mistaken on that. About when the judge made the remarks. Now, the legal effect of them I think we're disagreeing about. Okay. But the other comment I wanted to make was the reference in the government's brief that I referred to is to a paragraph in the run of pages the counsel just cited to the court. And the paragraph says nothing about producing the documents to the defense. Well, is there anything in the record that supports what you seem to be saying, is that you didn't get something that you were entitled to get? I understand that you got some material what you feel was late in the game. But nonetheless, you did get breaking material before the trial started. Is that correct? Your Honor, it's not correct. The reason we didn't drop the counsel's right. Other counsel did call me and say, gee, we produced it so we dropped that issue. And I couldn't find anything in the record that supported his statements to me. There was an allegation of prosecutorial misconduct made by the trial attorney in this case. I couldn't find those remarks supported in the record. And even in the brief, the only reference is to a paragraph that does not support that factual conclusion. It just says they filed an under or someone in their office filed an under seal the next morning, not that it was produced. And what you had made, if this is the same item that I think it is, that it contained information that you think would have been helpful in cross-examining Ms. Smith? Right. And, of course, what would it have contained? It would have contained evidence that Ms. Smith lied to the government in order to gain an advantage in her Alaska case in 1997. And we were not allowed to ask that question. And in light of all of the evidence here, do you think there was a reasonable probability that would have made a difference in the outcome in light of all of the evidence? In light of all the evidence, I think it's pretty clear that the district judge did not completely believe Ms. Smith, because I think she was significantly impeached, which is why it's significant that when we're talking about sufficiency of the evidence for the government to quote Ms. Smith's statements rather than what the judge thought of them, given that it was a bench trial, is not necessarily the correct standard. I also wanted to ---- Any other ---- I have one more thing to bring to the Court's attention. Well, you're out of time. Unless it's answering the question of one of my colleagues, we'll let you answer your question. But other than that, we're done. Right. The answer is the defense attorney did question Ms. Smith about ---- Okay. One question about the 1997 event and was not ---- did not have the predicate for the question that he wanted to ask about whether she lied to the government. Okay. Thank you, Mr. Coakley. The case of United States v. Hanover is submitted.
judges: Zouhary, Smith, Murguia